# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ANGELO BRIONES,<br>Aka ANGIE BRIONES,<br><br>Plaintiff,<br><br>v.<br><br>KELLY HARRINGTON, et al.,<br><br>Defendants. | Case No. 1:15-cv-01898 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 8] |

Plaintiff Lorenzo Angelo Briones, aka Angie Briones, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 21, 2015. She consented to the jurisdiction of the Magistrate Judge on December 31, 2015. Plaintiff names as defendants: Kelly Harrington, Diane Toche, A. Klang, Dr. Ramos, Wasco State Prison medical staff, and Warden Katavich. By separate order, the Court has screened the complaint and dismissed it with leave to amend.

On January 12, 2016, Plaintiff filed a motion for preliminary injunction. Plaintiff asks that the Court order Defendants to provide her with an egg crate foam pad and a prescription for Gabapentin.

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). For each

1

form of relief sought in federal court, Plaintiff must establish standing.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (citation omitted); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that she is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

By separate order issued concurrently with this order, the Court has screened and dismissed the complaint with leave to amend.  Until Plaintiff has filed an amended complaint with claims that are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated:   **January 29, 2016**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE