# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ANGELO BRIONES, Aka ANGIE BRIONES,<br><br>   Plaintiff,<br><br>  v.<br><br>KELLY HARRINGTON, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:15-cv-01898 DLB PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |

  Plaintiff Lorenzo Angelo Briones, aka Angie Briones, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 21, 2015. She consented to the jurisdiction of the Magistrate Judge on December 31, 2015. Plaintiff names as defendants: Kelly Harrington, Diane Toche, A. Klang, Dr. Ramos, Wasco State Prison medical staff, and Warden Katavich.

**I. Screening Requirement and Standard**

  The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.  Discussion**

   **A.  Plaintiff's Allegations**

Plaintiff, who is incarcerated at Wasco State Prison in Wasco, California, brings this action against Defendants Kelly Harrington, Dr. Ramos, A. Klang, Diane Toche, Wasco State Prison medical staff, and Warden Katavich for violating her rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges as follows.  Plaintiff is a transgender male to female who has had surgery performed to alter her body to the appearance of a female.  Plaintiff has silicone implants in her buttocks.  Plaintiff states she is in pain and discomfort when she lies on her mattress due to the shifting of the silicone.  Plaintiff complains that the shifting causes the silicone to pinch her nerves.  She also fears that her silicone buttock implants will drop to her ankles.  Plaintiff states she inquired with Dr. Ramos about her pain and asked for an egg crate foam pad to assist in supporting her buttocks as well as a prescription for Gabapentin for pain relief.  Plaintiff states Dr. Ramos would inquire with his supervisors regarding the requests.  Dr. Ramos and his supervisors denied the requests and prescribed aspirin only.

### B.     Claims Brought Pursuant to Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of her rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

Plaintiff alleges no facts supporting the existence of any claim for relief against Kelly Harrington, A. Klang, Diane Toche, Wasco State Prison medical staff, and Warden Katavich in this federal action. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

### C.     Medical Care Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat her condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Assuming that Plaintiff's allegations support the existence of a serious medical need, Plaintiff's allegations do not support a claim that Defendant Ramos acted with deliberate indifference to her medical needs. Plaintiff admits that she was prescribed aspirin, which is a pain reliever, for her pain. Although Dr. Ramos did not accommodate her specific requests for Gabapentin and an egg crate foam pad, Plaintiff's disagreement with the course of treatment rendered does not support a claim under Section 1983. *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an

4

1  amended complaint; and

2      4.    If Plaintiff fails to file an amended complaint in compliance with this order, this
3  action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

   Dated:   **January 29, 2016**          /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE